UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 09-242-01 |
| | CIVIL ACTION NO. 11-2106 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DWIGHT ANTHONY REED | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before this Court is a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 46) filed by the Petitioner, Dwight Anthony Reed ("Reed"). Reed seeks an order from the Court vacating his sentence.[1] For the reasons set forth below, Reed's motion is **DENIED**.[2]

**BACKGROUND**

Reed owned a store called "Rockafellas" in the Pierre Bossier Mall in Bossier City, Louisiana. (Record Document 79-1 at 3). On multiple occasions, United States Immigration Custom Service Office ("ICE") agents discovered counterfeit items at Rockafellas. See id. On March 25, 2010, a federal grand jury returned a 21-court superseding indictment against Reed. (Record Document 79-1 at 1). After four-day jury trial, Reed was convicted

---

[1]Pending in this matter is a second motion to amend and expand the record filed by Reed. (Record Document 83). Reed's proposed supplement to the record is merely a regurgitation of what Petitioner has already argued. Accordingly, the Court finds no harm in granting this motion.

[2]With the Court's consideration of Reed's §2255, Reed's Motion to Proceed In Forma Pauperis (Record Document 90) in an appeal of the Court's ruling not to expedite consideration of this §2255 motion is denied as moot.

on Counts 2-5 and 7-21 of the superseding indictment. All counts involved the trafficking of counterfeit goods, in violation of 18 U.S.C. §2320. See id. At sentencing, Reed's Pre-sentence Investigation Report showed he had a total offense level of eighteen and a criminal history category of I. His guideline range was 27 to 33 months. Reed was sentencing to 48 months imprisonment as to each count, all set to run concurrently. At sentencing, the Court stated that it had "selected this sentence as an upward departure from the guideline range due to the defendant's continued criminal activity, which is not accurately reflected in the defendant's past criminal history and computed as part of the criminal history category." (Record Document 69 at 7). Reed lodged an appeal to the Fifth Circuit but it was "dismissed as of January 21, 2011, pursuant to appellant's motion." (Record Document 71).

Reed has brought this timely motion under §2255 raising roughly eight grounds that he claims show he is being "unlawfully held." (Record Document 75-1 at 2). The majority of those grounds are based on the ineffective assistance of counsel. The remaining three are based on evidentiary issues from Reed's trial and issues regarding Reed's sentencing.

## LAW AND ANALYSIS

After accepting a plea of guilty and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting U.S. v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post conviction collateral attacks. To the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-65, 102 S.Ct. at 1593. Consequently, issues that can be

presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. See Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a defendant has issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. In order to raise an issue for the first time on collateral review, a defendant must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Id. at 168. To establish "cause," a defendant must show some external impediment prevented him from raising the claim on direct appeal. See U.S. v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

A narrow exception to the "cause and actual prejudice" requirement exists in extraordinary cases "in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 232. The Supreme Court has emphasized that this exception is limited to only those cases involving "manifest miscarriages of justice" that would result in the continued incarceration of an innocent person. Id., citing Smith v. Murray, 477 U.S. 527, 537, 106 S.Ct. 2661, 2649 (1986).

**I. Trial and Sentencing Issues**

Reed claims that, at trial, the Court abused its discretion when it denied Reed's motion for an acquittal. Reed argues that the Government did not meet its burden of proof at trial and, therefore, an acquittal was warranted. "Because a challenge under section 2255 'may not do service for an appeal,' a movant may not raise constitutional or jurisdictional issues for the first time on collateral review without establishing both 'cause' for his procedural default and 'actual prejudice' resulting from the error." United States v. Acklen, 47 F.3d 739, 741-42 (5th Cir. 1995) (Citations omitted). Clearly, Reed did not raise this argument on appeal because he voluntarily dismissed his appeal. Reed has failed to show either cause or prejudice as to why this was not raised on appeal and, therefore, this ground is procedurally barred. Even if it were not, it is clear from the trial transcript that the Court's ruling on the Rule 29 motion was appropriate.

Reed also claims that his §2255 must be granted because his sentence was improper. Reed claims his sentence was improper because: (1) He received a two-point enhancement for obstruction of justice; and (2) He received an eight-point enhancement based on the total retail value involved in the matter having a value greater that $70,000. "The District Court's technical application of the sentencing guidelines does not give rise to a constitutional issue cognizable under 28 U.S.C. § 2255." United States v. Coleman, 2002 WL 1758179 (N.D. Tex. July 26, 2002) Further, Reed did not raise these arguments on appeal and he has failed to offer either cause or prejudice as to why these two issues were not raised prior to this motion. Regardless, these two grounds would fail on their merits. "The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant

to the determination of a non-Guidelines sentence." United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). In the course of sentencing Reed, the Court found, by a preponderance of the evidence, that both enhancements were proper and Reed has not made a sufficient showing that the Court's ruling was incorrect. Reed separately raises these two issues again, this time claiming ineffective assistance of counsel for failing to object to the two enhancements. As the Court has found that these enhancements were proper, any objection to them would have been overruled. "Counsel cannot be deficient for failing to press a frivolous point." United States v. Gibson, 55 f.3d 173, 179 (5th Cir. 1995). Accordingly, these allegations by Reed lack merit.

## II.     Ineffective Assistance of Counsel.

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693, 155 L.Ed. 2d 714 (2003). This "procedural-default rule is neither a statutory nor constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. at 503. Requiring a criminal defendant to bring claims of ineffective assistance of counsel on a direct appeal does not promote these objectives. Id. A claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations. United States v. Alanis, 88 Fed. Appx. 15, 19 (5th Cir. 2004). Thus, a criminal defendant is permitted to bring ineffective assistance of counsel claims in a collateral proceeding under §2255, regardless of whether such claims could have been raised on direct appeal. Id.

"The standard for determining the effectiveness of counsel during a guilty plea proceeding is the two-prong test set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994). To prevail on claims of ineffective assistance of counsel, Reed must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668 (1984); Bryant v. Scott, 28 F. 2d 1411, 1414-15 (5th Cir. 1994). Under the first prong of the Strickland analysis, Reed must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id., 466 U.S. at 690, 104 S. Ct. At 2066.

Under the second prong of the Strickland test, Reed must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F. 2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability to undermine confidence in the outcome." Strickland, 466 U.S. at 690, 104 S. Ct. At 2066. Reed must demonstrate that the attorney's actions "were so serious as to render the proceeding unreliable and fundamentally unfair." United States v. Saenz-Forero, 27 F. 3d 1016 1021 (5th Cir. 1994) citing Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). "To meet the prejudice prong, the defendants must affirmatively

prove, and not merely allege, prejudice. Thus, '[e]ven where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary. In such a case there is 'no actual and substantial disadvantage' to the defense.' " DeVille v. Whitley, 21 F.3d at 659 (citations omitted).

If Reed fails to establish either prong of the Strickland test, his claim of ineffective assistance of counsel must be denied. See Tucker v. Johnson, 115 F. 3d 276, 280 (5th Cir. 1997); Bryant v. Scott, 28 F. 3d 1411, 1415 (5th Cir. 1994); Williams v. Collins, 16 F. 3d 626, 631 (5th Cir. 1994).

**a. Counsel's Advise During Plea Negotiations**

The first claim Reed makes regarding the ineffective assistance of counsel is that his attorney gave him erroneous advice as to what sentence he was facing if he pled guilty. Reed claims his attorney told him he would be looking at a sentence somewhere near thirty-eight months if he pled guilty and a guideline range of 48-60 months if he went to trial and was convicted. (Record Document 75-1 at 2). Reed claims that "[h]e later discovered that his guideline range [sic] if he had accepted the plea offer, would have been 8 to 14 months." See id. The only evidence Reed offers the Court in conjunction with this allegation are his self-serving and uncorroborated account of his discussions with his counsel. This is not a sufficient showing that Reed's counsel was, in fact, ineffective during plea negotiations. Reed made the decision to go to trial. The outcome was not a favorable one for Reed and now he is attempting to go back and benefit from a plea bargain he rejected. The Northern District of Texas has quite correctly referred to this argument as "a quintessential example of attempting to have [one's] cake and eat it too." Green v. Johnson, 46 F.Supp.2d 614, 622-623. In Green, the court warned that "if *habeas* relief were

freely granted in such circumstances, no rational defendant would ever accept a plea bargain before trial. Instead, he would try to obtain an acquittal at trial and, if unsuccessful, retroactively seek – through *habeas* relief – the benefit of any plea bargain previously offered by prosecution." Based on the lack of competent evidence and the reasoning of Green, this allegation must be dismissed.

### b. The Admission of 404b Evidence

Reed next claims that his counsel was ineffective for failing to file a motion in liminie to exclude any evidence introduced under Federal Rule of Evidence 404b. (Record Documents 75-1 at 4, 81, and 83). The Government filed a Notice of Intent to Use Evidence pursuant to Rule 404b. (Record Document 21). At trial, the Government introduced 404b evidence regarding the search and seizures made at and on Reed's stores located in Texas, which were not part of the indictment in this matter. The Court admitted such evidence based on the fact they were being offered to show motive, opportunity, intent, preparation, plan, knowledge, identity, and the absence of mistake or accident and that it was not unduly prejudicial. Therefore, any objection to this 404b evidence would have been overruled and, as stated *supra*, counsel cannot be ineffective for failing to raise a futile point. Accordingly, Reed's trial counsel cannot be seen as ineffective for not objecting to the 404b evidence admitted at trial and this ground is lacks merit.

### c. Counsel's Failure to Call Two Witnesses

Reed claims that his trial counsel was ineffective for failing to call two witnesses: (1) Jennifer Gray Bell, an IRS Revenue Officer; and (2) Sheira Foster. (Record Document 75-1 at 6). Reed claims these two witnesses would have testified to facts showing that Reed was not the owner of the store where the counterfeit merchandise was found. "Because deciding whether to call witnesses is a strategic trial decision, this Court has held that

complaints of uncalled witness are disfavored as a source of *Strickland* habeas review." United States v. Harris, 408 F.3d 186, 190 (5th Cir. 2005) (citations omitted). In order to show prejudice, Reed must be able to show that the uncalled witnesses testimony would have been favorable and that they would have actually testified. See Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985). Here, the only evidence we have that these two witnesses were willing to testify is the uncorroborated and self-serving allegations of Reed. Further, the defense called Charlene Reed to testify that she listed herself as the owner of the business in question on her tax returns. Therefore, Reed has not made a sufficient showing that either of these witnesses would have testified or that their testimony would have been anything more than cumulative. Accordingly, this allegation also lacks merit.

**d. Speedy Trial Act**

Reed raises speedy trial issues in his most recent supplement to his §2255. (Record Document 91). He claims his counsel was ineffective for failing to bring a motion to dismiss under the Speedy Trial Act. The Court granted two continuances in this matter. The continuance granted on November 12, 2009 was based on an oral motion made by Reed. (Record Document 13). The second continuance granted was based on a joint motion of the United States and Reed. (Record Document 23). Therefore, both continuances were granted at the behest of the Defendant. Further, on both occasions, the Court made specific findings that the "ends of justice served by granting this continuance outweigh the public's and Defendant's rights in a speedy trial." (Record Document 14 and 24). "The Speedy Trial Act expressly excludes from the Speedy Trial Act time limit: '[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the

Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'18 U.S.C. § 3161(h)(7)(A)." United States v. Harris, 566 F.3d 422, 431 (5th Cir. 2009). The continuances granted do not present any type of error to which counsel would have been able to object. This ground lacks merit.

## CONCLUSION

The Court finds that many of Reed's claims in his §2255 motion are procedurally barred. However, even if they weren't they are meritless. Further, the Court finds that Reed's counsel was not ineffective in the plea stage, trial stage, or sentencing stage of Reed's case.

Accordingly,

**IT IS ORDERED** that Reed's second motion to amend the record (Record Document 83) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that Reed's Motion to Proceed In Forma Pauperis (Record Document 90) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Reed's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 75) be and hereby is **DENIED WITH PREJUDICE**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or District Judge issues a certificate of appealability, an

appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 24th day of July, 2012.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE