UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA        CRIMINAL NO. 09-cr-00242

VERSUS                          JUDGE HICKS

DWIGHT ANTHONY REED              MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Counsel for Mr. Reed has filed a Motion for Discovery (Doc. 105) in advance of the evidentiary hearing on his Section 2255 motion. Rule 6 of the Rules Governing Section 2255 proceedings allows discovery only on a showing of good cause, and the party requesting discovery must provide reasons for the request.

The first request is for leave to take depositions of former counsel Betty Marak and her assistant Peter Black. The stated reason is allow better preparation to cross-examine the witnesses at the hearing. A conference was held in chambers to discuss the request for discovery. Present were counsel for Mr. Reed, counsel for the Government, and Ms. Marak. Ms. Marak informed the court and counsel that she and Mr. Black would make themselves voluntarily available to both counsel for interviews before the hearing, and discussions were held to select a time for those interviews. Under these circumstances, there has not been good cause shown to conduct a formal deposition. The interview process will allow more than adequate pre-hearing preparation for examination of the witnesses.

Mr. Reed next requests that the court fund the expense of a polygraph examiner to examine Reed in an effort to show the truthfulness of his anticipated testimony regarding

what Ms. Marak told him about his sentencing exposure if he accepted a plea proposal. Reed adds that an Assistant U.S. Attorney has stated that Reed may be prosecuted for perjury if he gives untruthful testimony at the hearing. Funding of such expert services is warranted if "necessary for adequate representation" and "required in connection with the matter" before the court. 18 U.S.C. § 3006A(e)(1).

The Fifth Circuit has removed the per se ban against admissibility of polygraph results. U.S. v. Posado, 57 F.3d 428 (5th Cir. 1995). The evidence must satisfy Rule 702 and Daubert, as well as evidentiary rules such as Rule 403. The Fifth Circuit noted in Posado that a simple situation in which the court must decide between the credibility of two competing witnesses is not an unusual situation and "perhaps not sufficient alone to justify admission of 'tie-breaker' evidence carrying a high potential for prejudicial effect." Posado, 57 F.3d at 435. There were additional, extenuating circumstances in Posado that could perhaps justify admission of the polygraph evidence. No such factors are present in this case, and the evidence is not offered to demonstrate another fact beyond mere credibility. See U.S. v. Youngblood, 117 F.3d 1416 (5th Cir. 1997) (table) (collecting cases that demonstrate other uses for polygraph evidence).

Reed seeks to use polygraph evidence for no purpose other than a potential tie-breaker in the anticipated contest between his testimony and that from Ms. Marak. The court finds that the proposed polygraph evidence would likely not pass muster under Rule 403 in those circumstances. Thus, although the requested expert services might result in admissible evidence, there is serious doubt on the issue. And the issue on which the evidence is

proposed, assessing the credibility of the witnesses, is one the court is well equipped to handle without expert assistance. A polygraph examiner is not necessary for adequate representation at the hearing, so the request for funding of an examiner is denied.

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of September, 2013.

                                              MARK L. HORNSBY
                                              UNITED STATES MAGISTRATE JUDGE